Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3333 | **DATE** | 10/25/2001 |
| **CASE TITLE** | TECAM ELECTRIC vs. LOCAL UNION 701 OF THE INTERNATIONA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants Local 701 and NECA's motions to dismiss are granted. Counts I, III and IV of Tecam's first amended complaint are dismissed with prejudice. Plaintiff Tecam's motion pursuant to 9 U.S.C. 6 to vacate any and all arbitration awards is denied. Defendants' joint motion to strike plaintiff's 9 U.S.C. 6 motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 29 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 58 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 01 OCT 25 PM 5:04 date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



TECAM ELECTRIC M.V. INC., )
)
    **Plaintiff,** )
)
    v. ) No. 01 C 3333
)
) Judge John W. Darrah
LOCAL UNION 701 OF THE INTERNATIONAL )
BROTHERHOOD OF ELECTRICAL WORKERS )
and NORTHEASTERN ILLINOIS CHAPTER, )
NATIONAL ELECTRICAL CONTRACTORS )
ASSOCIATION, INC., )
)
    **Defendants.** )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tecam Electric M.V. Inc. (Tecam), filed suit against defendants, Local Union 710 of the International Brotherhood of Electrical Workers (Local 701) and Northeastern Illinois Chapter, National Electrical Contractors Association, Inc. (NECA). Count I alleges a breach of contract claim against Local 701; Count II alleges a breach of fair representation against NECA; Count III alleges a breach of duty to arbitrate against Local 701 and NECA; and Count IV seeks to vacate arbitration awards with Local 701 and NECA. Before the Court are Local 701's and NECA's Motions to Dismiss, Tecam's Motion Pursuant to 9 U.S.C. § 6 to Vacate Any and All Arbitration Awards, and Defendants' Joint Motion to Strike Plaintiff's 9 U.S.C. § 6 Motion.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

In January 1996, M.V. Electric signed a letter of assent binding it to the NECA Inside Agreement (Agreement) between DuPage County Division, Northeastern Illinois Chapter NECA and Local 701. Tecam, an electrical contracting firm, is the successor in interest to M.V. Electric.

In February or March 2000, Tecam placed a standing order with the Local 701 hiring hall for a Foreman Journeyman Wireman. The request indicated that Tecam sought a Journeyman Wireman with experience in lighting who was willing to travel outside of Illinois. In response, Local 701 instructed Ross Ferraro (Ferraro) to report to Tecam. In September 2000, Ferraro reported to Tecam and was assigned to perform work in Cook, Will, and Winnebago Counties.

Although Ferraro was not trained by the Local 701/NECA Joint Apprenticeship Training Program and had not passed an electrician examination, he carried a Local 701/NECA photo identification card that indicated to the effect that he had done so. As such, Ferraro's referral was not in accordance with the provisions of the Agreement because he was not trained, had not passed an electrician exam, and was otherwise not qualified as a Journeyman Wireman.

As a Tecam employee, Ferraro was directed to perform certain work, primarily at certain Kohl's Department Stores (Kohl's). While in Tecam's employ, Ferraro engaged in various forms of misconduct, including improper workmanship, falsifying time cards, and theft.

In January 2001, Vickie Covarrubias (Covarrubias), President of Tecam, received complaints from Kohl's about Ferraro's work. The next day, Covarrubias questioned Ferraro about his work and instructed him to return to the Lombard Kohl's and repair any defects. Subsequently, Tecam inspected Ferraro's work in several locations and identified numerous defects in his work. Tecam severed its employment with Ferraro on January 19, 2001.

On January 23 or 24, 2001, Covarrubias met with John Brining (Brining) and Art Ludwig

(Ludwig), the Business Manager of Local 701, regarding Ferraro's work. Unable to resolve the matter, and pursuant to Section 1.06 of the Agreement, on January 31, 2001, Tecam presented a formal request for a grievance hearing to Ludwig and Bruce Creen (Creen) of NECA. The next day, Tecam presented its grievance before the Local 701/NECA Labor Management Committee (LMC).

On March 1, 2001, Tecam requested a written response from the February 1 LMC meeting and amended its grievance. In a one-page correspondence dated March 5, 2001, Tecam was advised by Brining that the LMC had ruled that Ferraro's referral was "proper and in accordance with the current labor agreement". On March 7, 2001, Tecam was advised by Creen that Tecam's grievance would not be submitted to the Council on Industrial Relations (Council).

On March 13, 2001, Tecam further amended its grievance with respect to Local 701's referral of an electrician to Tecam. The next day, Tecam presented the amended grievance to the LMC. On March 14, 2001, Tecam was advised by Brining that the LMC had ruled that there were no violations of Articles 3.01, 3.05, or 4.07 of the Agreement.

On Wednesday, May 2, 2001, Tecam faxed Creen a grievance with respect to : (1) Tecam's continuing difficulties in obtaining the opportunity to inspect the referral book pursuant to Section 3.18 of the Agreement, an issue presented to the LMC in Tecam's January 31, 2001 correspondence; (2) the termination of health benefits of Tecam's employees; and (3) Local 701's Benefit Funds seeking contributions from Tecam arising out of hours reported as worked by Ferraro, when such work had not actually been performed by Ferraro. No meeting of the LMC was held within forty-eight days of Tecam's request for a grievance as provided in Section 1.05 of the Agreement. The following Monday, May 7, 2001, Tecam filed a complaint with respect to these matters.

Local 701 argues that Count I should be dismissed because Tecam is attempting to re-litigate

3

the binding and final decision of the LMC. Tecam argues that the LMC's decisions were not a final and binding arbitration award; therefore, it may proceed with its claims.

The issuance of an arbitration award generally bars any subsequent court action on the merits of the original claims. *International Assoc. of Bridge, Structural and Ornamental Ironworker Local 103 v. Babcock & Wilcox*, 1 F.3d 589, 592 (7th Cir. 1993) (*Babcock*). Once an award is made, a party has three months to give notice that it intends to challenge that award in federal court. 9 U.S.C. § 12; *International Union of Operating Engineers, Local 841 v. Murphy Co.*, 82 F.3d 185, 188 (7th Cir. 1996). The failure to challenge an arbitration award within three months renders the award final and precludes a party to the award from seeking affirmative relief in a subsequent action on the award. *Sullivan v. Gilchrist*, 87 F.3d 867, 871 (7th Cir. 1996) (*Sullivan*).

In the instant case, Article I of the Agreement provides for a dispute resolution process as follows:

> SECTION 1.05. LABOR-MANAGEMENT COMMITTEE. There shall be a Labor-Management Committee of three (3) representing the Union and three (3) representing the Employers. It shall meet regularly at such stated time as it may decide. However, it shall also meet within forty-eight (48) hours when notice is given by either party.
> SECTION 1.06. GRIEVANCES. All grievances or questions in dispute shall be adjusted by the duly authorized representatives of each of the parties to this Agreement. In the event that these two are unable to adjust any matter within forty-eight (48) hours, they shall refer same to the Labor-Management Committee. All grievances shall be presented within ten (10) work days after having knowledge of the event giving rise to the grievance.
> \*\*\*
> SECTION 1.08. CIR. Should the Labor-Management Committee fail to agree or adjust any matter, such shall then be referred to the Council on Industrial Relations for the Electrical Contracting Industry for adjudication. The Council's Decision shall be final and binding on both parties hereto.

4

> SECTION 1.09. When any matter in dispute has been referred to conciliation or arbitration for adjustment, the provisions and conditions prevailing prior to the time such matters arose shall not be changed or abrogated until agreement has been reached or a ruling has been made.

Tecam does not dispute that the LMC heard and issued a ruling on the first two grievances filed by Tecam. Tecam argues that the above language indicates that the decision of the LMC is not a final and binding arbitration award because Sections 1.05, 1.06, and 1.07 which discuss the LMC do not reference the phrase "final and binding" nor do they include the words "arbitration", "final", "adjudication", or "ruling". On the other hand, Section 1.08 does provide for arbitration and includes the phrase "final and binding". In essence, Tecam argues that unless the dispute resolution process in Section 1.08 is used by the parties, a final and binding decision has not been rendered on the dispute.

Courts have found, that as a general proposition, labor-management committee decisions are final and binding arbitration awards. *See Zorn v. K.C. Community Construction Co.*, 812 F.Supp. 948, 953 (W.D. Mo. 1992) (*Zorn*); *Local 2, International Brotherhood of Electrical Workers v. Gerstner Electric Co.*, 614 F.Supp. 874, 876 (E.D. Mo. 1985) *see also International Brotherhood of Electrical Workers Local 910 v. Intschert*, 992 F.Supp. 132, 135 (N.D. NY 1998); *Union Water Power Co. v. Local Union 42*, 2001 WL 761632 (D. Me. Jan. 5, 1998).

Tecam cites to *International Brotherhood of Electrical Workers v. National Electrical Contractors Association, Southern Tier Chapter, Inc.*, LEXIS 13945 (N.D. NY Sept. 9, 1983)[1] (*IBEW*) in support of its argument. In *IBEW*, the trial court denied the parties' motions for summary

---

[1] No Westlaw cite available.

5

judgment after finding that terminology in the parties' agreement, including "conciliation or adjustment", rendered the agreement ambiguous as to whether a decision made pursuant to a section of the agreement containing such language was final and binding. *IBEW*, LEXIS 13945 at *9. Tecam's argument and the case relied upon by Tecam are not persuasive.

The word "arbitration" need not appear in a collective bargaining agreement for such an agreement to fall within the purview of the Labor Management Relations Act. *See General Drivers, Warehousemen and Helpers Local 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963). Similarly, the term "arbitration" need not appear in a specific section of a collective bargaining agreement to make a decision from that section be considered a final and binding decision. *See Zorn*, 812 F.Supp. at 953. Furthermore, if the Agreement was interpreted as argued by Tecam, the only time that a final and binding decision would be made is if the LMC failed to agree or adjust a matter referred to the Council on Industrial Relations as found in Section 1.08. Therefore, any actions and decisions made pursuant to Sections 1.05, 1.06, and 1.07 would be useless. Such a result is inconsistent with Congress's intent to make arbitration a fast, efficient, and inexpensive substitution to litigation in federal court. *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 58 (1974).

Based on the above findings, the March 5 and 13, 2001, decisions by the LMC on Tecam's grievances were final and binding on the parties. It is also noted that Tecam did not attempt to vacate these decisions until August 2, 2001. Therefore, Tecam may not re-litigate those claims in this Court. As to any claims in the third grievance filed by Tecam that were not decided in either of the first two grievances, such claims must be considered pursuant to the Agreement.

While a meeting of the LMC was not held within forty-eight hours, on either Thursday or

6

Friday, Tecam immediately filed its initial complaint on Monday, May 7, 2001. Subsequent to the filing of the complaint, defendants attempted to hold a meeting, but Tecam indicated that it would not attend such meeting because it believed that it had exhausted its remedies under the Agreement. However, Section 1.06 requires that if matters are not resolved within forty-eight hours, the dispute is presented to the LMC within ten working days. Here, Tecam filed its complaint without resorting to the contractual remedies required by the Agreement; therefore, any portion of the breach of contract claim based on the third grievance must also be dismissed for this reason. *See Babcock*, 1 F.3d at 592.

Tecam also argues that if the decisions of the LMC are found to be final and binding, Count I should still not be dismissed because the LMC failed to hear evidence concerning work outside of DuPage County, the LCM decisions did not address each and every issue of the grievances, and the decisions should be voided. Such arguments do not save Tecam's breach of contract claim. Any errors that Tecam believed were made during the arbitration process were required to be filed within three months of the decisions on such grievances. Tecam failed to file a motion to vacate the decisions of the LMC within such a time frame; therefore, the alleged errors, inadequacy, and/or incompleteness of the decisions cannot be the basis of the breach of contract claim. *See Sullivan*, 87 F.3d at 871.

For the reasons stated above, Count I of Tecam's First Amended Complaint is dismissed with prejudice.

In Count III, Tecam pleads in the alternative that if the LMC's decisions are final and binding, Local 701 and NECA breached their duty to arbitrate because the rulings of the LMC did not address every issue in Tecam's grievances. In Count IV, Tecam pleads another alternate claim

7

– an application to vacate the arbitration awards. Defendants seek dismissal of both counts, arguing that each is time barred. Tecam does not argue that Counts III and IV should not be dismissed if they are time barred. *See Sullivan*, 87 F.3d at 871 (*Sullivan*) (failure to challenge an arbitration award within three months renders the award final and precludes a party to the award from seeking affirmative relief in a subsequent action on the award). Instead, Tecam argues that the applicable limitations period is tolled because it was pursuing its remedies under the Agreement through May 4, 2001, and/or its claims relate back to its original complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure.

The statute of limitations can be tolled while a plaintiff exhausts internal union grievance procedures. However, such tolling is limited to the pursuit of formal or required internal procedures. *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 916 (7th Cir. 1999). Here, Tecam does not claim that it was pursuing formal or required procedures as to the decisions of the LMC on the first two grievances, and it refused to follow such procedures on the third grievance once it filed its complaint in federal court. Simply filing additional grievances after a ruling on the same or similar grievances cannot be continued as pursuing formal or required procedures under the Agreement. Therefore, the limitations period was not tolled.

Rule 15(c) provides in relevant part: "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." "Rule 15(c) is designed to allow the addition of new claims only if there is no unfair surprise or prejudice. The rule does not contemplate depriving defendants of the protection of a statute of limitations" defense. *Fuller v. Marx*, 724 F.2d 717, 720-21 (8th Cir. 1984); *see also Lojuk v.*

8

*Johnson*, 853 F.2d 560, 562 (7th Cir. 1988)(Rule 15(c) correctly not applied to defendant who did not receive notice within two-year statute of limitations period).

The parties and this Court were unable to discover any Northern District of Illinois or Seventh Circuit case law on the application of Rule 15(c) to claims seeking to vacate an arbitration award that was added after the three-month limitations period had run. In *McCelland v. Azrilan*, 31 F.Supp.2d 707 (W.D. Mo. 1998) (*McCelland*), the court held that a plaintiff's motion to vacate an arbitration award did not relate back to the plaintiff's motion for an order staying the confirmation of an arbitration award. *McCelland*, 31 F.Supp.2d at 711. The court stated three reasons for its conclusion. First, the original motion did not mention vacating the arbitration award. Second, the motion to vacate did not arise out of the same conduct or occurrence because the motion to stay sought to delay the instant case and the motion to vacate sought to challenge the procedures employed in the underlying arbitration. Third, allowing the relation back would deny the defendant the protection of the three-month notice requirement. Such would be in direct conflict with the two purposes of 9 U.S.C. § 12 – ensuring that a party is notified of the litigation concerning a particular occurrence within a reasonable time and furthering Congress's intent to make arbitration a fast, efficient, and inexpensive substitute to litigation. *McCelland*, 31 F.Supp.2d at 711-12.

In *Pennsylvania Engineering Corp. v. Islip Recovery Agency*, 714 F.Supp. 634 (E.D. NY)(*Islip*), the court held that the plaintiffs could not relate back their motion to vacate an arbitration award to the time of their original complaint. The court relied upon the Second Circuit's strict compliance with the three-month limitation period. In addition, as noted above, the plaintiffs had never filed a timely motion to vacate the arbitration award. Rather, they chose to ignore the preclusive effect of the arbitration in their original complaint and only raised the claim after the

9

defendants moved to confirm the arbitration. *Islip*, 714 F.Supp. at 637-68.

These cases are on point and persuasive. As in *Islip*, previously to its amended complaint, Tecam had not sought to vacate any of the arbitration awards. In its original complaint, Tecam pled breach of contract and did not challenge the awards at all. Not until after defendants filed their first motion to dismiss, in which defendants argued that Tecam's claims were barred by an arbitration award, did Tecam file its amended complaint and add a claim to vacate the arbitration award. Allowing Counts III and IV of the amended complaint at this time would deprive defendants of a statute of limitations defense and would be contrary to the strictly enforced three-month limitations period of the Federal Arbitration Act. For these reasons, Counts III and IV of Tecam's amended complaint do not relate back to the date of the filing of their original complaint. *See McCelland*, 31 F.Supp.2d at 711-12; *Islip*, 714 F.Supp. at 637-68. Accordingly, Counts II and IV are time barred and are dismissed with prejudice.

The same day that Tecam filed its amended complaint, adding a count to vacate any arbitration awards, it also filed a Motion Pursuant to 9 U.S.C. § 6 to Vacate Any and All Arbitration Awards. Tecam seeks to vacate the same awards as those found in Tecam's amended complaint. For the reasons stated above, this motion is time barred. Accordingly, the motion is denied.

Defendants also filed a motion to strike Tecam's motion to vacate. As stated above, this motion is denied. Accordingly, defendants' motion is denied as moot.

For the reasons stated above, Local 701's and NECA's motions to dismiss are granted. Counts I, III, and IV of Tecam's first amended complaint are dismissed with prejudice. Tecam's

10

Motion Pursuant to 9 U.S.C. § 6 to Vacate Any and All Arbitration Awards is denied. Defendants' Joint Motion To Strike Plaintiff's 9 U.S.C. § 6 Motion is denied.

Dated: October 25, 2001

JOHN W. DARRAH
United States District Judge