# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3333 | **DATE** | 3/14/2002 |
| **CASE TITLE** | TECAM ELECTRIC vs. LOCAL UNION 701, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. NECA's motion for judgment on the pleadings is granted, and Local 701 is not entitled to sanctions against Tecam under 28 U.S.C. 1927.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 15 2002 |
| ✓ | Docketing to mail notices. | date docketed |
| | Mail AO 450 form. | CDY |
| | Copy to judge/magistrate judge. | docketing deputy initials |

| LG | courtroom deputy's initials | | date mailed notice |

Date/time received in central Clerk's Office

mailing deputy initials

**Document Number**

59

| | | |
|---|---|---|
| TECAM ELECTRIC M.V. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 01 C 3333 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| LOCAL UNION 701 OF THE INTERNATIONAL | ) | |
| BROTHERHOOD OF ELECTRICAL WORKERS | ) | |
| and NORTHEASTERN ILLINOIS CHAPTER, | ) | **DOCKETED** |
| NATIONAL ELECTRICAL CONTRACTORS | ) | |
| ASSOCIATION, INC., | ) | MAR 1 5 2002 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tecam Electric M.V. Inc. ("Tecam"), filed suit against Defendants, Local Union 701 of the International Brotherhood of Electrical Workers ("Local 701") and Northeastern Illinois Chapter, National Electrical Contractors Association, Inc. ("NECA"). Count I alleged a breach of contract claim against Local 701; Count II alleged a breach of fair representation against NECA; Count III alleged a breach of duty to arbitrate against Local 701 and NECA; and Count IV sought to vacate arbitration awards with Local 701 and NECA. Counts I, III, and IV were dismissed by the Court; and only Count II of Tecam's complaint remains. Presently before the Court is NECA's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). In addition, the Court will address Local 701's prayer for sanctions under 28 U.S.C. 1927.

A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b). *Fallimento C.Op. M.A. v. Fisher Crane Co.*, 995 F.2d 789.791 (7th Cir. 1993). The court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in

59

the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The court should grant the motion only if it appears beyond a doubt that the plaintiff cannot prove any set of facts that would support the allegations in the complaint and the plaintiff's claim for relief. *Fallimento C.Op. M.A.*, 995 F.2d at 791.

A reading of the complaint supports the following summary of the alleged conduct of the parties.

In January 1996, M.V. Electric signed a letter of assent binding it to the NECA Inside Agreement ("Agreement") between DuPage County Division, Northeastern Illinois Chapter NECA and Local 701. Tecam is the successor in interest to M.V. Electric. The letter of assent authorized NECA to act as the collective bargaining representative for Tecam for all matters contained in or pertaining to the CBA.

In response to an order by Tecam, Local 701 instructed Ross Ferraro ("Ferraro") to report to Tecam. In September 2000, Ferraro reported to Tecam and was assigned to perform work in Cook, Will, and Winnebago Counties. Although Ferraro was not trained by the Local 701/NECA Joint Apprenticeship Training Program and had not passed an electrician examination, he carried a Local 701/NECA photo identification card that indicated to the effect that he had done so. As such, Ferraro's referral was not in accordance with the provisions of the Agreement because he was not trained, had not passed an electrician exam, and was otherwise not qualified as a Journeyman Wireman. Ferraro held the status of a Journeyman Wireman Pending Examination (JWPE), a classification of Local 701 members of which Tecam was unaware but that NECA allowed.

On January 23 or 24, 2001, Vickie Covarrubias, President of Tecam, met with John Brining ("Brining") and Arthur Ludwig ("Ludwig"), the Business Managers of Local 701, regarding

2

Ferraro's work. Unable to resolve the matter, and pursuant to Section 1.06 of the Agreement, on January 31, 2001, Tecam presented a formal request for a grievance hearing to Ludwig and Bruce Creen ("Creen") of NECA. The next day, Tecam presented its grievance before the Local 701/NECA Labor Management Committee ("LMC"). NECA allowed one or more of its representatives whom were present to cease participation in the grievance hearing before the completion of the hearing therefore, depriving Tecam of proper representation.

On March 1, 2001, Tecam requested a written response from the February 1st LMC meeting and amended its grievance. On March 5, 2001, Tecam was advised by Brining that the LMC had ruled that Ferraro's referral was "proper and in accordance with the current labor agreement". On March 7, 2001, Tecam was advised by Creen that Tecam's grievance would not be submitted to the Council on Industrial Relations ("Council").

On March 13, 2001, Tecam further amended its grievance with respect to Local 701's referral. The next day, Tecam presented the amended grievance to the LMC. On March 14, 2001, Tecam was advised that the LMC had ruled that there were no violations of Articles 3.01, 3.05, or 4.07 of the Agreement.

On May 2, 2001, Tecam faxed Creen a grievance with respect to : (1) Tecam's continuing difficulties in obtaining the opportunity to inspect the referral book pursuant to Section 3.18 of the Agreement, an issue presented to the LMC in Tecam's January 31, 2001 correspondence; (2) the termination of health benefits of Tecam's employees; and (3) Local 701's Benefit Funds seeking contributions from Tecam arising out of hours reported as worked by Ferraro when such work had not actually been performed by Ferraro. No meeting of the LMC was held within forty-eight days of Tecam's request for a grievance as provided in Section 1.05 of the Agreement. On May 7, 2001, Tecam filed a complaint with respect to these matters.

Tecam alleges in its complaint that NECA breached its duty of fair representation under 29 U.S.C. § 185 pursuant to the CBA and that NECA's actions were arbitrary, discriminatory, and/or in bad faith.

NECA first argues that it is not a labor organization within the meaning of the statute; and, therefore, subject matter jurisdiction under 29 U.S.C 185 is lacking, and the statute does not impose a duty of fair representation on NECA.

Whether the Court has proper jurisdiction under 29 U.S.C.A § 185, as alleged by the Plaintiff and, further, whether NECA owes Tecam a duty of fair representation depends on whether NECA is a "labor organization" within the meaning of the statute. The statute defines a labor organization as "any organization of any kind, or agency or employee representation committee or plan, in which employees participate, and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." 29 U.S.C.A. § 152 (5). The Seventh Circuit held that this definition should be interpreted very broadly; and courts have since included trade councils, administrative branches of employee organizations, and organizations other than traditional labor unions in the definition of a labor organization. *Electromation, Inc. V. N.L.R.B.*, 35 F.3d 1148, 1159 (7th Cir. 1994); *Rollie Winter & Associates, Ltd., v. Fox River Valley Building & Construction Trades Council*, 59 F.Supp. 2d 807, 812 (E.D. Wis. 1999).

Despite this broad interpretation, there are no reported cases extending the labor organization label to an organization comprised of, or representing, employers. The Seventh Circuit narrowed the definition of the term, stating that, although the organization does not have to be recognized as a labor union, it must consist of an employee committee, and one of its purposes must be bargaining

4

with employers. *East Chicago Rehabilitation Center, Inc., v. N.L.R.B.*, 710 F.2d 397, 404 (7th Cir 1983). This qualifying language mirrors the wording of the definitions stated in 29 U.S.C.A. § 152 (5) and 29 U.S.C.A. § 402, which state that an organization must be one in which employees participate, that exists, at least in part, to deal with employers to be considered a labor organization. This language is clarified by the legislative history of the Labor Management Relations Act, which states that the term labor organizations extends "to all organizations of employees that deal with employers." Senate Rep. No. 573, on S. 1958, 74th Cong., 1st Sess., p. 7.

In the present case, NECA is an association of employers organized for the purpose of dealing with employee unions. As such, NECA does not fall within the definition of a labor organization as used in the statute by virtue of the fact that it is not comprised of, nor does it represent, employees for the purpose of dealing with employers.

This conclusion has two consequences. First, federal subject matter jurisdiction of Tecam's claim cannot be established under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185. It is the responsibility of the plaintiff to clearly state the basis for federal subject matter jurisdiction in his complaint. Tecam alleged federal subject matter jurisdiction under 29 U.S.C.A. § 185. This statute states that United States District Courts will have jurisdiction over any claims by or against labor organizations. 29 U.S.C.A. § 185 (c). Since Tecam's claim is neither by or against a labor organization, jurisdiction under this statute fails.

The second consequence of NECA's failing to qualify as a labor organization is that the Act does not impose a duty of fair representation on NECA with regard to Tecam. The Act clearly states that the duties it establishes apply only to labor organizations; and, by the definition previously established, these duties do not apply to NECA.

In its response to NECA's Motion for Judgment on the Pleadings, Tecam seeks to vacate the Court's previous order dismissing Tecam's claim against Local 701 and its order denying Tecam's motion for reconsideration. Tecam's original Motion for Reconsideration was previously denied by this Court, and Tecam's second motion for reconsideration is denied.

Local 701 filed a reply addressing Tecam's renewed argument to vacate the Court's previous orders. In the reply, Local 701 alleges that Tecam's response made a collateral attack on the Court's previous orders. As such, Local 701 asks this court to find that Tecam vexatiously and unreasonably multiplied the proceedings in this case under 28 U.S.C. 1927.

The Seventh Circuit interpreted this statute and determined that "vexatious", within the meaning of the statute, describes conduct that goes beyond what is considered unreasonable and requires that the party act in either subjective or objective bad faith. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184 (7th Cir. 1992). Section 1927 does not encompass conduct of ordinary negligence, and sanctions under the statute are only warranted when a party "[engages] in a serious and studied disregard for the orderly process of justice." *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988). Once this standard has been met, the decision whether or not to award sanctions, and the amount of sanctions, is solely within the discretion of the District Court.

Tecam asserts, that to the extent its response to NECA's Motion for Judgement on the Pleadings can be deemed a Motion for Reconsideration, such a motion would be warranted by the law in light of what Tecam believes are NECA's inconsistent arguments. Alternatively, Tecam asserts that, "at minimum", its counsel had a reasonable, good-faith basis to believe that such a motion would be warranted by the law under the circumstances.

While Tecam's prayer for vacation of the Court's previous orders may have lengthened the proceedings to some extent, and although Tecam's argument may seem unreasonable, Tecam's actions

6

are not vexatious within the meaning of the statute. There is no evidence that Tecam made this prayer in bad faith or that Tecam made a serious and studied disregard for the orderly process of justice. The statute sets a high bar of misconduct before sanctions may be awarded by the court, and Tecam's actions simply do not reach that threshold.

For the foregoing reasons, NECA's Motion for Judgment on the Pleadings is granted, and Local 701 is not entitled to sanctions against Tecam under 28 U.S.C. 1927.

Dated: March 19, 2002

JOHN W. DARRAH
United States District Judge